

**SEALED**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 1 5 2025

CLERK, U.S. DISTRICT COURT
By _____
     Deputy

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**SHAKKA SHANEAK JAMES**

**Plaintiff,**

**v.**                                    **Civil Action No:**

**UNITED STATES OF AMERICA, ET AL**

**Defendants.**                    $3-25CV1855-S$

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION, CIVIL RIGHTS VIOLATIONS (42 U.S.C. §§ 1981, 1983, 1985), FEDERAL TORT CLAIMS ACT, AND DECLARATORY RELIEF

### I.    INTRODUCTION

Plaintiff Shakka Shaneak James ("Plaintiff"), appearing pro se and asserting claims in her personal capacity, brings this civil action against the Defendants identified herein based on a broad pattern of unlawful conduct involving civil rights violations, targeted harassment, and intentional interference with her livelihood, dignity, and federal protections.

This case arises from events that began in the Dallas–Fort Worth metropolitan area and continued across multiple states through coordinated interference with Plaintiff's employment, housing, privacy, and liberty interests. These acts involved both private and public actors, including religious organizations and agents operating under color of law.

Plaintiff asserts claims arising under federal statutes and constitutional provisions, including:

**a.** Unlawful employment discrimination and civil rights violations based on race, sex, age, religion, disability, and national origin, in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), and 42 U.S.C. §§ 1981, 1983, and 1985;

**b.** Systemic failure by the U.S. Equal Employment Opportunity Commission (EEOC) to properly investigate or process formal charges of discrimination filed by Plaintiff, resulting in ongoing harm and denial of timely redress;

**c.** Federal torts arising under the Federal Tort Claims Act (FTCA), including surveillance, blacklisting, invasion of privacy, cyber intrusion, and intentional infliction of emotional distress;

**d.** Civil conspiracy involving unknown federal, state, and private religious actors, including the use of spiritual manipulation and digital harassment to induce psychological destabilization, economic deprivation, and coerced geographic relocation;

**e.** Violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, through an enterprise engaging in a pattern of cross-jurisdictional harassment, data misuse, employment sabotage, and reputational harm.

## II. JURISDICTION AND VENUE

**This Court has subject-matter jurisdiction over this action pursuant to:**

**28 U.S.C. § 1331** (Federal question jurisdiction, including claims arising under the U.S. Constitution);

**28 U.S.C. § 1343** (Civil rights jurisdiction);

**42 U.S.C. §§ 1981, 1983, and 1985** (Equal protection and civil conspiracy);

**18 U.S.C. § 1964(c) (RICO civil enforcement);**

**Title VII of the Civil Rights Act of 1964, as amended;**

**The Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.;**

**The Genetic Information Nondiscrimination Act (GINA);**

**29 U.S.C. § 626(c)** (Age Discrimination in Employment Act);

**28 U.S.C. § 1346(b) and § 2675(a)** (Federal Tort Claims Act).

Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial portion of the acts, omissions, and injuries alleged occurred within this judicial district, including acts of employment discrimination, constitutional violations, surveillance, and tortious interference that took place in the Dallas–Fort Worth metropolitan area.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff has exhausted all available administrative remedies as required by law for the claims asserted in this Complaint.

With respect to her employment discrimination claims, Plaintiff filed multiple timely Charges of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) against the following employers:

DSS Research, Arch Staffing Group / KMM Telecommunications, Alorica, Inc., True Coverage, LLC and Everything Breaks;

Each charge alleged unlawful discrimination and retaliation based on race, sex, religion, national origin, disability, age, and genetic information, in violation of Title VII, the ADA, GINA, the ADEA, and related statutes.

Plaintiff has requested and, in some instances, received Notices of Right to Sue from the EEOC. To the extent the EEOC has not completed its investigations, Plaintiff has requested expedited issuance of Notices pursuant to 29 C.F.R. § 1601.28(a)(1) to avoid procedural prejudice and preserve her right to bring these claims in federal court.

With respect to her tort claims under the Federal Tort Claims Act (FTCA), Plaintiff submitted a completed Standard Form 95 (SF-95) to the appropriate federal agency(ies), providing notice of her claims, including tortious interference, emotional distress, surveillance, and data privacy violations. More than six months have elapsed without final disposition of those claims, thereby satisfying the requirements of 28 U.S.C. § 2675(a).

Plaintiff also initiated a related federal civil action in the U.S. District Court for the Western District of Louisiana, Monroe Division, captioned **Shakka Shaneak James v. United States of America, et al., Case No. 3:25-cv-00773-TAD-KDM**, involving overlapping facts and legal claims. The claims raised in that matter further demonstrate the systemic nature of the civil rights violations and support Plaintiff's assertion of coordinated interference by government and private actors.

Plaintiff brings this present action in the Northern District of Texas to consolidate facts and legal claims that arose within this jurisdiction and to obtain full and proper adjudication of the injuries sustained here.

## V. PARTIES

Plaintiff SHAKKA SHANEAK JAMES is a natural person domiciled in the United States and a resident of a foreign state within the meaning of 28 U.S.C. § 1332. She brings this action in her individual capacity and in a fiduciary capacity as trustee and lawful representative of certain private foreign trusts. Plaintiff holds beneficial interests in unregistered private securities and federally patented land, which are central to the violations alleged herein.

Plaintiff has only recently become aware of the full scope of harm inflicted upon her rights, property, and person as a result of covert, coordinated actions undertaken by religious institutions and state and federal actors. The violations giving rise to this complaint were not reasonably discoverable until the concealment and complexity of those actions began to unravel, prompting Plaintiff to file this action without undue delay upon discovery of the operative facts. Accordingly, Plaintiff's claims are timely under the discovery rule, equitable tolling, and the continuing violation doctrine.

**Defendants include:**

Alorica, Inc

Arch Staffing Group / KMM Telecommunications

DSS Research

Everything Breaks Inc.

True Coverage, LLC

John and Jane Does 1–5 (the Potter's House of Dallas, TX, religious organization actors allegedly acting in conspiracy, official and individual capacities)

Equal Employment Opportunity Commission

## VI. FACTUAL BACKGROUND

1. Plaintiff SHAKKA SHANEAK JAMES is a Black woman of African American and Hebrew descent with a documented history of asserting her religious and civil rights under federal law. Between 2016 and 2023, Plaintiff was employed by various companies in the Dallas–Fort Worth area, including MSI, Alorica, DSS Research, Carlton Staffing/XPO Logistics, Sovereign Staffing/Walmart, and Arch Staffing Group/KMM Telecommunications.

2. Throughout these periods of employment, Plaintiff was subjected to a persistent and escalating pattern of discriminatory, retaliatory, and harassing conduct. This conduct included:

   a. **Workplace Surveillance and Digital Interference**: At Arch/KMM, IT personnel and supervisors monitored Plaintiff's computer activity without justification, asked invasive and inappropriate questions, and interfered with her work by manipulating digital systems.

   b. **Sex-Based Harassment**: Plaintiff was followed around the workplace by high-level male managers who entered women's restrooms and created a hostile, unsafe environment based on sex.

   c. **Auditory Harassment**: While at DSS Research, Plaintiff was repeatedly subjected to loud, disruptive bullhorn-like noises through her work headset, which caused psychological distress.

   d. **Stalking and Intimidation**: Plaintiff experienced workplace and after-hours surveillance, including being followed after work by unknown individuals. These actions appeared to be coordinated efforts to socially isolate and destabilize her.

   e. **Constructive Discharge**: As a result of the above conditions, Plaintiff was forced out of multiple jobs under pretextual justifications, leading to repeated loss of income and stability.

3. Beginning in or around 2015, Plaintiff experienced a series of inexplicable, coordinated, and invasive acts spanning multiple states. These included cyber harassment, surveillance, and manipulation of Plaintiff's email, banking, and employer systems, leading to recurring terminations and reputational harm.

4. From approximately 2020 onward, Plaintiff was repeatedly urged or manipulated into relocating across state lines—including to Texas, Georgia, North Carolina, Florida,

California, and New York—by individuals and entities identifying as religious authorities or affiliates, particularly those affiliated with The Potter's House Church of Dallas. Messages tied to these figures referenced private conversations and appeared to track Plaintiff's location, actions, and personal decisions in real time.

5. These relocations frequently resulted in housing instability, financial loss, and social isolation. Plaintiff asserts that the spiritual coercion she experienced was part of a broader pattern of psychological and religious manipulation intended to destabilize her and inhibit her ability to obtain work, shelter, or peace of mind.

6. During this time period, Plaintiff was involved in multiple unexplained vehicle accidents, suffered lockouts of communication systems and accounts, and was bombarded with subliminal messages suggesting self-harm, defeat, or religious guilt. These actions contributed to sustained emotional, psychological, and economic injury.

7. Plaintiff also became aware that certain background check agencies falsely reported felony charges against her—charges which were never formally filed or adjudicated. These erroneous records appear to have originated from outdated or misused federal databases, and they directly contributed to repeated job denials and defamation of character.

8. Plaintiff alleges that these actions reflect a **civil conspiracy** among private religious actors, unidentified individuals, and certain state-affiliated agents to deprive her of constitutional and statutory rights under color of law. The scope and consistency of the targeting, the cross-jurisdictional coordination, and the integration of public and private entities suggest an unlawful agreement to interfere with Plaintiff's employment, housing, privacy, and liberty through extrajudicial means.

9. As a direct and proximate result of this conduct, Plaintiff has suffered severe emotional distress, loss of income, reputational damage, housing instability, and ongoing fear for her safety and autonomy.

10. Plaintiff did not and could not reasonably have known the full extent or coordinated nature of the injuries she suffered until recently. The covert nature of the conspiracy, the involvement of religious authorities, and the use of digital and psychological tactics all contributed to delayed discovery. Accordingly, Plaintiff asserts that all claims herein are timely under the discovery rule, the doctrine of equitable tolling, and the continuing violation doctrine.

11. Plaintiff has exhausted administrative remedies with respect to her employment-related claims by filing timely charges of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and has received or requested Notices of Right to Sue.

## VII. TOLLING, TIMELINESS, AND CONTINUING VIOLATIONS

1. Plaintiff acknowledges that certain events and injuries described herein began outside the typical statutory limitations periods for the claims asserted. However, Plaintiff asserts that these claims are **timely** under well-established legal doctrines, including the **discovery rule**, **equitable tolling**, and the **continuing violation doctrine**.

2. Due to the covert, coordinated, and psychologically manipulative nature of the actions taken against her, Plaintiff could not reasonably have discovered the factual basis for her legal claims until recently. These actions included unauthorized surveillance, cyber harassment, data manipulation, subliminal psychological coercion, spiritual abuse, and wrongful background reporting—each of which was conducted in ways intended to confuse, isolate, and destabilize Plaintiff.

3. The involvement of both public actors and private religious individuals or institutions, often acting under color of law or with the appearance of legal or spiritual authority, obscured the true source and nature of the harm. This concealment prevented Plaintiff from reasonably

identifying the actors involved or connecting the harms to actionable legal violations until the pattern of conduct became undeniable and more fully understood in context.

4. Accordingly, under the **discovery rule**, the limitations periods applicable to Plaintiff's claims did not begin to run until she actually discovered, or reasonably should have discovered, the injuries and their unlawful causes. See *Rotella v. Wood*, 528 U.S. 549 (2000); *United States v. Kubrick*, 444 U.S. 111 (1979).

5. Plaintiff further asserts that **equitable tolling** applies due to extraordinary circumstances beyond her control, including psychological manipulation, concealment of critical facts by Defendants, and systemic barriers to redress. These factors prevented Plaintiff from timely asserting her rights despite due diligence. See *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990); *Perez v. United States*, 167 F.3d 913, 918 (5th Cir. 1999).

6. Moreover, Plaintiff alleges that the acts of discrimination, harassment, surveillance, and coercion formed part of a **continuing violation**—a persistent pattern of unlawful conduct extending across jurisdictions and over time. Each act, while individually harmful, was part of an ongoing and organized campaign designed to violate Plaintiff's civil, constitutional, and statutory rights. See *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 739 (5th Cir. 2017).

7. Plaintiff therefore respectfully submits that her claims are not time-barred and may proceed in full based on the totality of the circumstances, the timing of discovery, the equitable considerations at issue, and the ongoing nature of the violations alleged.

## VIII. CAUSES OF ACTION

### Count I – Violation of Title VII of the Civil Rights Act of 1964
### (42 U.S.C § 2000e et seq.)

Plaintiff realleges and incorporates all preceding paragraphs;

1. Defendants, acting individually and in concert, violated Title VII by discriminating against Plaintiff on the basis of race, sex, and religion. Plaintiff was subjected to a hostile work environment, disparate treatment, and adverse employment actions—including termination, harassment, and blacklisting—because of her protected characteristics and her opposition to discriminatory practices;

2. Defendants also engaged in retaliation against Plaintiff for engaging in protected activity under Title VII, including filing complaints, asserting her rights, and resisting unlawful conditions in the workplace.

### Count II – Violation of the Genetic Information Nondiscrimination Act (GINA)

### (42.S.C. § 2000ff et seq.)

Plaintiff realleges and incorporates all preceding paragraphs;

3. Defendants unlawfully used or acted upon perceived genetic information relating to Plaintiff's ethnic and religious identity—specifically, her affiliation with the House of David or other protected ancestral claims—in violation of GINA;

4. Such actions led to adverse employment consequences, profiling, and differential treatment in violation of federal law.

**Count III – Violations of 42 U.S.C. § 1981 and § 1983**

**(Right to Contract and Equal Protection Under Color of Law)**

Plaintiff realleges and incorporates all preceding paragraphs.

5. Defendants and their agents, acting under color of law and/or jointly with state actors, interfered with Plaintiff's right to make and enforce contracts on the basis of race, in violation of 42 U.S.C. § 1981.
6. Defendants further deprived Plaintiff of rights secured by the Constitution—namely, the rights to due process, equal protection, free association, and privacy—under color of state and/or federal law, in violation of 42 U.S.C. § 1983.

**Count IV – Civil Conspiracy to Interfere with Civil Rights**

**(42 U.S.C. § 1985(3))**

Plaintiff realleges and incorporates all preceding paragraphs.

7. Defendants, including private religious actors, unidentified individuals, and public officials, conspired to deprive Plaintiff of the equal protection of the laws and to obstruct her exercise of federally protected rights through coordinated actions involving surveillance, employment sabotage, relocation pressure, religious coercion, and blacklisting.
8. This conspiracy was motivated by class-based discriminatory animus and resulted in economic, psychological, and constitutional harm.

**Count VI – Federal Tort Claims Act (FTCA)**

**(28 U.S.C. §§ 1346(b), 2671 et seq.)**

Plaintiff realleges and incorporates all preceding paragraphs

9. Plaintiff suffered damages due to the tortious conduct of federal employees and agents acting within the scope of their employment, including but not limited to: intentional infliction of emotional distress, invasion of privacy, negligent supervision, and psychological coercion;
10. These acts are actionable under the FTCA and have caused Plaintiff lasting personal and economic harm.

**Count VII – Declaratory and Injunctive Relief**

**(28 U.S.C. §§ 2201, 2202)**

Plaintiff realleges and incorporates all preceding paragraphs

11. A real and substantial controversy exists regarding the legality and constitutionality of Defendants' ongoing conduct. Plaintiff seeks a declaratory judgment that Defendants' actions violated her rights under the Constitution and federal statutes;

12. Plaintiff further seeks permanent injunctive relief prohibiting Defendants, their agents, and those acting in concert with them from engaging in continued surveillance, interference with Plaintiff's housing and employment, or religious coercion.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff SHAKKA SHANEAK JAMES respectfully requests that this Court enter judgment in her favor and against all Defendants, and grant the following relief:

1. **Declaratory Relief**
   A declaration that Defendants' actions violated Plaintiff's rights under the United States Constitution, Title VII, the ADA, GINA, 42 U.S.C. §§ 1981, 1983, and 1985(3), and other applicable federal laws.

2. **Injunctive Relief**
   A permanent injunction prohibiting Defendants—both in their individual and official capacities—and their agents, employees, successors, assigns, and all persons acting in concert or participation with them, from:
   - Engaging in surveillance, stalking, or tracking of Plaintiff;
   - Interfering with Plaintiff's employment, housing, or relocation;
   - Coercing or manipulating Plaintiff through religious or psychological tactics;
   - Disseminating false or defamatory information concerning Plaintiff's background, employment, or criminal record.

3. **Compensatory Damages**
   An award of compensatory damages in an amount to be determined at trial, for Plaintiff's physical, emotional, and psychological suffering; reputational harm; lost wages and benefits; loss of earning capacity; relocation and housing disruption; and other financial losses caused by Defendants' conduct.

4. **Punitive Damages**
   An award of punitive damages:
   - Against all **individual Defendants** in their **individual capacities**, for their willful, malicious, reckless, and unlawful conduct in violation of Plaintiff's clearly established rights;
   - Against **individual Defendants in their official capacities and private organizational Defendants**, to the extent permitted by law, based on patterns or policies of misconduct, deliberate indifference, gross negligence, or institutional retaliation;
   - Against any **non-governmental entities**, religious organizations, and private actors involved in the civil conspiracy and emotional targeting, in an amount sufficient to deter future misconduct and punish egregious violations of federal law.

5. **Special and Economic Damages**
   Including but not limited to:
   - Back pay and front pay;
   - Loss of employment opportunities;
   - Out-of-pocket expenses related to relocation, housing, or treatment;
   - Costs related to correcting false background or criminal records.

6. **Attorneys' Fees and Costs (or Pro Se Equivalents)**
   Award reasonable costs of litigation, including statutory attorney's fees under 42 U.S.C. § 1988 and related provisions, or pro se reimbursement as permitted by law.

7. **Equitable and Ancillary Relief**
   Including but not limited to:
   - Correction or sealing of any false background or criminal records;
   - Cease-and-desist orders against any coordinated or continuing misconduct by Defendants;
   - Orders requiring disclosure of public records and records kept under religious cover or misidentification.

8. **Any Further Relief**
   Grant such other and further relief as the Court deems just, proper, and equitable in the interests of justice.

### VERIFICATION

I, SHAKKA SHANEAK JAMES, declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.
Executed this 7th day of July, 2025.

**Respectfully Submitted,**

/s/ Shakka Shaneak James

SHAKKA SHANEAK JAMES

**Plaintiff, In Propria Persona**

2800 E Enterprise Ave Ste 333
Appleton Wisconsin 54913

**All Rights Reserved, Without Prejudice UCC 1-308**

## CHARGE OF DISCRIMINATION - TrueCoverage, LLC

### 1. Personal Information of Charging Party

Name: Shakka Shaneak James
Address: 2800 E Enterprise Ave Ste 333, Appleton, WI 54913
Phone: 404.428.3324
Date of Birth: 11/19/1983
Sex: Female

### 2. Employer Information

Employer Name: TrueCoverage, LLC
No. of Employees: 15–100
Street Address: 14275 Midway Rd. Ste 300, Addison, TX 75001
Phone: (888) 505-1815

### 3. Cause of Discrimination Based On:

☑ Race
☑ Color
☑ Religion
☑ Sex
☑ National Origin
☑ Age
☑ Disability
☑ Retaliation
☑ Other (specify): Constructive Discharge / Hostile Work Environment / Pattern of Systemic Discrimination

### 4. Date(s) Discrimination Took Place

Earliest: [September 15, 2023]
Latest: [October 15, 2023]

### 5. Statement of Harm

I was employed by TrueCoverage LLC until I was wrongfully terminated without cause. On or around September 22, 2023 the owner of the company made a cryptic and disturbing religious reference, telling me: ***"This is your last supper."*** The phrase is widely known as a religious connotation

referencing betrayal and impending death in Christian tradition. In this context, the statement was made with no explanation and appeared to signal a premeditated plan to terminate me. I found this to be alarming, hostile, and threatening, especially in light of my past experiences of discrimination by religiously affiliated individuals and institutions.

The following day, I was terminated without prior warning or documented cause, under the pretense of "structural changes." This sudden action, combined with the religiously loaded comment, strongly suggests religious bias and retaliatory animus, consistent with a broader pattern of discriminatory conduct I have faced across multiple employers.

Although the 180-day timeframe to file an EEOC charge has passed, I currently have a pending and active federal lawsuit involving overlapping facts and claims:
**Case No. 3:25-cv-00773-TAD-KDM**
**U.S. District Court for the Western District of Louisiana.**

This lawsuit addresses ongoing employment sabotage, systemic retaliation, and discriminatory treatment implicating multiple entities, including TrueCoverage. To avoid duplication of proceedings and ensure judicial efficiency, I request an immediate issuance of a Notice of Right to Sue, pursuant to 29 C.F.R. § 1601.28(a)(1). The EEOC is unlikely to complete its investigation within 180 days, and litigation is necessary to preserve my rights and consolidate related claims under a single action.

### 6. Remedy Sought

I am seeking all available remedies under federal law, including compensatory damages, punitive damages, attorney's fees, and any other equitable relief. I respectfully request immediate issuance of a Notice of Right to Sue.

Charging Party Signature: _[signature]_

Date: 06/15/2025

## CHARGE OF DISCRIMINATION - Everything Breaks

**Personal Information of Charging Party:**

Shakka Shaneak James
2800 E Enterprise Ave Ste 333
Appleton, WI 54913
Phone: 404.428.3324

**Name of Employer, Union, or Employment Agency:**
Everything Breaks Inc.
2248 Central Drive Suite 107-291
Bedford, Texas 76021-5843

Phone: 888-994-0914
Approximate Number of Employees: [More than 15]
Date Hired: November 2023
Date of Separation: November 2023

**Date(s) Discrimination Took Place:**

November 2023

**Basis of Discrimination (Check all that apply):**

☑ Age
☐ Race
☐ Color
☐ Religion
☐ Sex (including pregnancy)
☐ National Origin
☐ Disability
☐ Genetic Information
☐ Retaliation
☐ Other (Specify): _____

**Type of Discrimination (Check all that apply):**

☑ Terminated
☐ Denied employment
☐ Demoted
☐ Harassed
☐ Not hired
☐ Other (Specify): _____

**Explanation of Discrimination:**

In the second week of training at Everything Breaks, a sales company located in the Dallas–Fort Worth area of Texas, I was called into a supervisor's office and asked to disclose my age and desired annual salary. After stating my age and salary expectations, I returned to my workstation. However, within approximately one hour, I was unexpectedly escorted out of the building without explanation or prior warning. No performance or conduct concerns were ever raised.

I believe I was terminated because of my age and/or false assumptions perpetuated by external interference or systemic blacklisting. This abrupt and unexplained termination is consistent with a pattern of similar adverse actions I have faced across multiple employers.

**Have you filed a charge with the EEOC before?**

Yes

**Is there a pending lawsuit related to this matter?**

Yes

**If yes, please provide details:**

Plaintiff has a pending and active federal lawsuit (Case No. 3:25-cv-00773-TAD-KDM) filed in the U.S. District Court for the Western District of Louisiana. This lawsuit involves facts and claims that significantly overlap with those raised in this EEOC charge. Due to ongoing and continuing harm—including employment sabotage, systemic discrimination, and constitutional violations—Plaintiff requests the EEOC to issue an immediate Notice of Right to Sue pursuant to 29 C.F.R. § 1601.28(a)(1). The EEOC investigation is unlikely to conclude within the 180-day period, and prompt litigation is necessary to preserve Plaintiff's rights and avoid duplicative proceedings.

Charging Party Signature: _____

Date: 06/15/2025

## CHARGE OF DISCRIMINATION - DSS Research

**Complainant:**
Name: Shakka Shaneak James

Address: 2800 E Enterprise Ave, Ste 333, Appleton, WI 54913

Phone: 404.428.3324

**Respondent (Employer):**
Name: DSS Research

Address: 4150 International Plz Ste 900 Fort Worth, TX 76109

Phone: (817) 665-7000

Number of Employees: 15 or more

Employment Dates: [01/2017] – [07/2017]

**Cause of Discrimination Based On:**

☑ Race
☑ Color
☑ Religion
☑ Sex
☑ National Origin
☑ Age
☑ Disability
☑ Retaliation
☑ Other (specify): Constructive Discharge / Hostile Work Environment / Pattern of Systemic Discrimination

**Dates of Discrimination:**
Earliest: January 2017]

Latest:  July 2017

**Description of Events:**
While employed by DSS Research in 2017, I was subjected to repeated and escalating harassment that included audible assaults through my company-issued headset—

specifically, loud and distressing bullhorn-type noises intentionally broadcast during my work shifts. These episodes disrupted my ability to perform my job and induced severe emotional distress.

In addition to the hostile auditory environment, I was stalked after work on multiple occasions, which contributed to heightened anxiety and fear for my personal safety. I reported these incidents to management, but no meaningful steps were taken to investigate or resolve the matter.

I believe this conduct constitutes unlawful harassment, discrimination based on actual or perceived disability (emotional distress/anxiety), and retaliation for raising concerns. The failure of DSS Research to take corrective action created a hostile and unsafe work environment that ultimately led to a constructive discharge.

**Federal Court Proceedings:**
I currently have a pending and active federal lawsuit, ***SHAKKA SHANEAK JAMES VS UNITED STATES OF AMERICA, et al., Case No. 3:25-cv-00773-TAD-KDM***, filed in the U.S. District Court for the Western District of Louisiana. This case includes overlapping facts and legal claims connected to systemic employment discrimination, workplace sabotage, and constitutional violations while I was employed by DSS Research and continued across subsequent employers.

Given the ongoing harm and interconnected legal claims, I seek to consolidate these matters within the existing federal action to preserve judicial efficiency and avoid inconsistent or duplicative litigation.

**Request for Notice of Right to Sue:**
Pursuant to 29 C.F.R. § 1601.28(a)(1), I respectfully request the immediate issuance of a Notice of Right to Sue. The Commission is unlikely to complete its investigation within 180 days, and I require timely access to the courts to ensure the preservation of my legal rights and prevent procedural prejudice. Prompt issuance will allow this matter to be consolidated within my active federal case.

**Relief Requested:**
I seek a full and fair opportunity to litigate these claims under federal law, either through EEOC-conciliated resolution or within my existing court case. Remedies sought include, but are not limited to, compensatory damages for emotional distress, injunctive relief, and recognition of the systemic nature of the employer's conduct.

Charging Party Signature _[signature]_

Date: 06/15/2025

EEOC Use Only

☐ Reviewed and accepted for processing

☐ Forwarded to appropriate agency (if applicable)

**CHARGE OF DISCRIMINATION -** Arch Staffing Group / KMM Telecommunications

### Complainant (Charging Party):

Shakka Shaneak James
2800 E Enterprise Ave, Ste 333
Appleton, WI 54913
Tel: 404.428.3324

### Respondent (Employer):

Arch Staffing Group / KMM Telecommunications
4051 N Highway 121, Ste 400
Grapevine, TX 76051
Phone: (844) 566-8488

### Cause of Discrimination Based On:

☑ Race
☑ Color
☑ Religion
☑ Sex
☑ National Origin
☑ Age
☑ Disability
☑ Retaliation
☑ Other (specify): Constructive Discharge / Hostile Work Environment / Pattern of
Systemic Discrimination

### Nature of Complaint:

I am filing this charge of discrimination against my former employer, Arch Staffing Group /
KMM Telecommunications, for violations of the following federal statutes:

- Title VII of the Civil Rights Act of 1964, as amended (race, sex, religion, retaliation)
- The Americans with Disabilities Act (ADA)
- The Genetic Information Nondiscrimination Act (GINA)
- 42 U.S.C. § 1981 and § 1983 (civil rights violations under federal law)

**Summary of Facts:**
I was employed by Arch Staffing Group / KMM Telecommunications in the Dallas–Fort Worth area. During my employment, I was subjected to intrusive and inappropriate behavior, workplace surveillance, and system manipulation. Specifically:

1. I observed that after I exited the women's restroom, both the supervisor and Vice President would immediately enter the same restroom, which created a hostile and unsettling environment;
2. I was contacted by IT asking what I was doing on my work computer, including whether I was in programs I had never accessed, suggesting active surveillance of my activity without cause;
3. I experienced frequent system errors and tool lockouts which hindered my ability to perform job duties, then faced criticism for performance deficiencies that were out of my control.

These actions collectively created a hostile work environment and led to my termination or constructive discharge under false pretenses. I believe I was targeted based on:

a. Race (African American);
b. Sex (as a woman, particularly due to bathroom surveillance and gender-based targeting);
c. Disability or perceived disability;
d. Religious and genetic identity, including my belief in my descent from the House of King David;
e. Retaliation for asserting my rights and/or due to external influence from unknown actors.

This conduct is consistent with a broader pattern of discriminatory and retaliatory treatment I have experienced in multiple job settings and jurisdictions, involving coordinated interference and economic targeting.

**Timeframe of Discrimination:**
Start of employment: March 2017
Last date of employment / incident: June 2023

**Relief Requested:**
I am requesting that the EEOC investigate this matter, and I am also requesting a Notice of Right to Sue so I may pursue this matter in federal court (Case No. 3:25-cv-00773-TAD-KDM, U.S. District Court, Western District of Louisiana). I believe the EEOC may be unable to complete its investigation within 180 days, and prompt litigation is necessary to preserve my claims and avoid duplicative proceedings.

This lawsuit addresses ongoing employment sabotage, systemic retaliation, and discriminatory treatment implicating multiple entities, including Arch Staffing Group / KMM Telecommunications To avoid duplication of proceedings and ensure judicial efficiency, I request an immediate issuance of

a Notice of Right to Sue, pursuant to 29 C.F.R. § 1601.28(a)(1). The EEOC is unlikely to complete its investigation within 180 days, and litigation is necessary to preserve my rights and consolidate related claims under a single action.

I am seeking all available remedies under federal law, including compensatory damages, punitive damages, attorney's fees, and any other equitable relief. I respectfully request immediate issuance of a Notice of Right to Sue.

Charging Party Signature:

Date: 06/15/2025

## CHARGE OF DISCRIMINATION - Alorica, Inc.

**Complainant (Charging Party):**

Shakka Shaneak James
2800 E Enterprise Ave, Ste 333
Appleton, WI 54913
Tel: 404.428.3324

**Respondent (Employer):**

Alorica, Inc.
5161 California Ave, Suite 100
Irvine, CA 92617
Phone: (888) 925-6742

### Cause of Discrimination Based On:

☑ Race
☑ Color
☑ Religion
☑ Sex
☑ National Origin
☑ Age
☑ Disability
☑ Retaliation
☑ Other (specify): Constructive Discharge / Hostile Work Environment / Pattern of Systemic Discrimination

## Nature of Complaint:

I am filing this charge of discrimination against my former employer, Alorica, Inc., for violations of the following federal statutes:

- Title VII of the Civil Rights Act of 1964, as amended (race, sex, religion, retaliation)
- The Americans with Disabilities Act (ADA)
- The Genetic Information Nondiscrimination Act (GINA)
- 42 U.S.C. § 1981 and § 1983 (civil rights violations under federal law)

**Summary of Facts:**

I was employed remotely by Alorica in a customer service capacity. During my employment, I was subjected to a hostile work environment and targeted digital harassment. These included:

1. Electronic disturbances during customer service calls;
2. Sudden lockouts from essential systems required to do my job;
3. Indirect references to personal online accounts being manipulated or monitored, often followed by comments from coworkers in chat groups suggesting they had access to private details;
4. I received customer calls in which the callers would insult me and refer to themselves disturbingly as "Legion," which heightened my anxiety and suspicion of coordinated harassment;
5. My supervisor, identified by the last name Thompson, downplayed or distorted my performance evaluations, including a remark that the only thing I did well was "type fast";
6. Despite performing my duties diligently, I was given false or misleading performance reviews and subject to password resets, which obstructed my ability to work.

Additionally, I later received a check from the U.S. Department of the Treasury for underpaid labor wages, that resulted from an audit of Aloria Inc by the U.S. Department of Labor, which confirms at least part of the employer's improper conduct during my tenure.

I believe I was targeted based on one or more of the following protected characteristics:

**a.** Race (African American), as part of a pattern of systemic racial bias;
**b.** Perceived or actual disability, including emotional stress and psychological trauma induced by Alorica's work conditions;
**c.** Religion, as I am a descendant of the House of King David and believe I was targeted, in part, based on my spiritual and genetic identity;
**d.** Retaliation, for attempting to assert my rights or due to the existence of past protected activity, including whistleblower conduct or association with a fiduciary estate;
**e.** Genetic information, including the suspected misuse of private biological or ancestral information.

I believe Alorica either acted alone or in coordination with other actors—including possible state or federal agents—under a broader pattern of employment interference, blacklisting, and retaliation that has continued across multiple states and job placements.

**Timeframe of Discrimination:**

Start of employment: July 2020

Last date of employment / incident: August 2023

**Relief Requested:**

Although the 180-day timeframe to file an EEOC charge has passed, I currently have a pending and active federal lawsuit involving overlapping facts and claims:

**Case No. 3:25-cv-00773-TAD-KDM**

**U.S. District Court for the Western District of Louisiana.**

This lawsuit addresses ongoing employment sabotage, systemic retaliation, and discriminatory treatment implicating multiple entities, including Alorica Inc. To avoid duplication of proceedings and ensure judicial efficiency, I request an immediate issuance of a Notice of Right to Sue, pursuant to 29 C.F.R. § 1601.28(a)(1). The EEOC is unlikely to complete its investigation within 180 days, and litigation is necessary to preserve my rights and consolidate related claims under a single action.

I am seeking all available remedies under federal law, including compensatory damages, punitive damages, attorney's fees, and any other equitable relief. I respectfully request immediate issuance of a Notice of Right to Sue.

Charging Party Signature:

Date: 06/15/2025

JS 44 (Rev. 04/21)                               **CIVIL COVER SHEET**                          `3-25CV1855-S`

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SHAKKA SHANEAK JAMES

**DEFENDANTS**

UNITED STATES OF AMERICA, ET AL

**(b)** County of Residence of First Listed Plaintiff  **DALLAS**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

RECEIVED

JUL 15 2025

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government<br>Plaintiff | ☐ 3  Federal Question<br>*(U.S. Government Not a Party)* |
| ☒ 2  U.S. Government<br>Defendant | ☐ 4  Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other<br><br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br>**INTELLECTUAL<br>PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>  New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>  Act of 2016<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>  3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>  (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>  Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters<br>☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | ☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original<br>Proceeding | ☐ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer | ☐ 8 Multidistrict<br>Litigation -<br>Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e-2 (Title VII  -  federal employment discrimination); 42 U.S.C. § 1983 (civil rights violations by persons acting under color of law)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*     JUDGE _____     DOCKET NUMBER _____

DATE                          SIGNATURE OF ATTORNEY OF RECORD
07/07/2025                     *Shakka Shaneak James*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____



FROM:
SHAWNA SHANEAK JAMES
1445 Woodmont La NW #5213
Atlanta, GA 30318

RECEIVED
JUL 15 2025

TO:
Ernie Cabell Federal Bldg
Clerk of Court
1100 Commerce St. # 300
Dallas, Texas 75242-1499

UNITED STATES POSTAL SERVICE
P   Retail

US POSTAGE PAID
$10.10
Origin: 71201
07/09/25
216177089I-01

PRIORITY MAIL®
0 Lb 6.70 Oz
RDC 03

EXPECTED DELIVERY DAY: 07/12/25

C001

SHIP
TO:
STE 300
1100 COMMERCE ST
DALLAS TX 75242-1074

USPS TRACKING® #

9505 5155 9972 5190 2037 58

USPS.COM/PICKUP

FLAT RATE
ONE RATE ■ ANY WE

TRACKED ■

EP14F July 2022
OD: 12 1/2 x 9 1/2

PS00001000014

■ Expected delivery date
■ Domestic shipments in
■ USPS Tracking® servic
■ Limited international in
■ When used internation

*Insurance does not cover cert
Domestic Mail Manual at http:/
** See International Mail Manua

This package is made from post-consumer waste. Please recycle - again.