THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**SHAKKA SHANEAK JAMES,**
Plaintiff,

v.                              Civil Action No.: 3:25-cv-01855-S-BN

**ALORICA INC., ET AL**
Defendants.

## AMENDED COMPLAINT (Superseding Original Complaint)

Plaintiff **Shakka Shaneak James**, appearing pro se, respectfully files this Amended Complaint against the above-named Defendants for violations of federal civil rights laws arising from employment discrimination, retaliation, and financial interference, and states as follows:

## I. INTRODUCTION

This action is brought pursuant to **42 U.S.C. § 1981**, **Title VII of the Civil Rights Act of 1964**, and the **Age Discrimination in Employment Act of 1967 (ADEA)**. Plaintiff seeks damages and equitable relief for unlawful discrimination and retaliation on the basis of **race**, **age**, **religion**, **national origin**, and **protected activity**. Additional claims arise from the wrongful restriction of Plaintiff's financial assets by a financial institution, constituting discrimination and economic harm under federal law.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action pursuant to **28 U.S.C. § 1331** and **28 U.S.C. § 1343**, as Plaintiff's claims arise under federal statutes including **42 U.S.C. § 1981**, **Title VII**, and the **ADEA**.

Venue is proper in this judicial district under **28 U.S.C. § 1391(b)(2)**, because a substantial part of the events or omissions giving rise to the claims occurred in the **Northern District of Texas**, including in the **Dallas–Fort Worth metropolitan area**.

## III. PARTIES

1. **Plaintiff Shakka Shaneak James** is a resident of the State of Wisconsin, and a former employee of the Defendants listed herein. She is a Black woman of Jewish, Hispanic, Native American, French, and African American descent.

2. Defendant **Alorica Inc.** is a California corporation with its principal place of business located at 5161 California Ave., Irvine, CA 92617. Alorica operates nationwide, including offices serving the Dallas–Fort Worth metropolitan area.

3. Defendant **True Coverage LLC** is a Texas limited liability company headquartered at 2400 Louisiana Blvd NE, Building 3, Albuquerque, NM 87110-4362.

4. Defendant **Fidelity Brokerage Services LLC** is a Delaware limited liability company headquartered at 245 Summer Street, Boston, MA 02210. Fidelity is a financial institution offering trust, investment, and brokerage services throughout the United States, including operations in the Dallas–Fort Worth metropolitan area of Texas.

### IV. EMPLOYMENT TIMELINE AND BACKGROUND

Between **2020 and 2023**, Plaintiff was employed in multiple professional and administrative roles:

1. **July 2020 – October 2020:** Alorica Inc. – PUA Unemployment Insurance Claim Representative (Remote, Texas and Georgia)
2. **October 2020 – March 2022:** Alorica Inc. – Senior Representative for Benefeds (Remote, Texas and Georgia)
3. **May 2022 – August 2022:** Alorica Inc. – Customer Service Representative for Verizon (Remote)
4. **September 2023 – October 2023:** TrueCoverage LLC – Health Insurance Enrollment Agent (Addison, Texas)
5. **October 2023 – November 2023:** Everything Breaks Inc. – Sales Representative (Texas)
6. On **November 16, 2023**, Plaintiff was terminated by Everything Breaks Inc. Around this same period, she received a legal settlement and deposited it with Fidelity Investments, leading to the financial discrimination detailed herein.

### V. CLAIMS AGAINST ALORICA, INC.
#### A. Discrimination, Harassment, and Constructive Discharge

From October 2020 to March 2022, Plaintiff worked on Alorica's **Benefeds contract**, a federal insurance program. Plaintiff experienced repeated auditory disruptions, verbal harassment, and denial of promotions, despite being fully qualified. Her supervisor discouraged her from following federal protocols, and after she refused to comply with informal practices, she was reassigned to a lower-paying contract with **Verizon** in May 2022.

Plaintiff faced systemic sabotage, exclusion from essential systems, threats of write-ups for customer who supposedly made complaints to the Office of Personnel Management, and performance reviews based on arbitrary standards. The **U.S. Department of Labor** conducted an audit and found Plaintiff had been underpaid, reimbursing her more than $700.

### B. Legal Claims Against Alorica

#### Count I: Discrimination and Retaliation under 42 U.S.C. § 1981
Plaintiff was subjected to race-based discrimination and retaliation for reporting unlawful discriminatory conduct and racially hostile treatment in the workplace.

#### Count II: Retaliation under Title VII
Plaintiff's internal complaints led to adverse actions, including reassignment and constructive discharge.

#### Count III: Punitive Damages under 42 U.S.C. § 1981a
Defendant acted with reckless indifference, justifying punitive damages.

#### Exhaustion of Administrative Remedies:
Plaintiff has not filed an EEOC complaint; however, claims under § 1981 are not subject to exhaustion. For Title VII, equitable tolling is appropriate under *Fort Bend County v. Davis*, 139 S. Ct. 1843 (2019).

## VI. CLAIMS AGAINST TRUECOVERAGE LLC
### A. Age and Religious Discrimination and Retaliation

In **September 2023**, Plaintiff was hired by TrueCoverage LLC. Plaintiff, then over 40 and a practicing Christian, was abruptly terminated after the company's owner made a cryptic statement: **"This is your last supper"**, while displaying a religious image of "The Last Supper".

The following day, Plaintiff was terminated for alleged "structural changes." No younger or non-religious employees were terminated. Plaintiff was not offered severance or appeal rights. The action followed protected activity and was inconsistent with business necessity.

### B. Legal Claims Against TrueCoverage

#### Count I: Age Discrimination (ADEA)
Plaintiff was terminated while younger employees were retained. Defendant acted willfully and with disregard of ADEA rights.

#### Count II: Religious Discrimination (Title VII)
Plaintiff's faith was targeted, and her termination followed a hostile religious statement.

#### Count III: Retaliation (Title VII)
Termination followed protected opposition to discriminatory conduct, violating *Burlington*

*Northern v. White*, 548 U.S. 53 (2006).

**Damages and Equitable Relief:**
Plaintiff seeks back pay, liquidated damages, punitive damages under *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999), and declaratory relief, including expungement of records.

## VII. CLAIMS AGAINST FIDELITY INVESTMENTS
### A. Financial Discrimination, Emotional Harm, and Fiduciary Breach

In **November 2023**, Plaintiff deposited a **$50,000 legal settlement** into a Fidelity trust account. Fidelity froze the funds for over two months without cause, despite full documentation and cooperation. The delay occurred after Plaintiff's wrongful termination and caused her to experience **homelessness and financial instability**.

Fidelity also refused to process a **charitable donation** to Plaintiff's nonprofit and allegedly sent **derogatory correspondence** containing the slur "ho," demonstrating malice or discriminatory animus. Funds were only partially released months later.

### B. Legal Claims Against Fidelity

**Count I: Discrimination and Retaliation under 42 U.S.C. § 1981**
Fidelity's unjustified freeze and misconduct interfered with Plaintiff's contractual rights due to race and religious identity.

**Count II: Intentional Infliction of Emotional Distress**
Fidelity's conduct was extreme, outrageous, and reckless.

**Count III: Breach of Fiduciary Duty / Contractual Rights**
Fidelity failed to act in good faith as a financial custodian, resulting in economic and reputational harm.

**Damages and Equitable Relief:**
Plaintiff seeks compensatory, punitive, and equitable relief, including restitution, expungement of internal blacklisting, and a declaratory judgment.

## VIII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1) Leave to file this amended complaint;
2) Judgment on all claims asserted herein;

3) Compensatory damages for emotional distress, reputational harm, and other non-economic losses;
4) Liquidated damages under the ADEA for willful age discrimination;
5) Punitive damages pursuant to 42 U.S.C. § 1981a for intentional discrimination and retaliation;
6) Declaratory relief finding that Defendants violated Plaintiff's rights under federal anti-discrimination laws;
7) Equitable relief as appropriate, including front pay, expungement and correction of adverse employment records;
8) Reasonable attorneys' fees and costs as permitted by statute;
9) Pre-judgment and post-judgment interest as allowed by law; and
10) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

this __4th__ day of __August__, 2025.

/s/ Shakka Shaneak James
Shakka Shaneak James
Pro Se Plaintiff

All Rights Reserved Without Prejudice UCC 1-308

2800 E Enterprise Ave Ste 333
Appleton, Wisconsin 54913

**Mailing Address:** 1445 Woodmont Ln NW PMB 3213, Atlanta, GA 30318
**Phone Number:** (404) 428-3324
**Email:** ministryjlm@proton.me

Case 3:25-cv-01855-S-BN    Document 14    Filed 08/18/25    Page 6 of 6    PageID 85

