IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAKKA SHANEAK JAMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1855-S-BN |
| | § | |
| ALORICA INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shakka Shaneak James filed a *pro se* complaint alleging claims of wrongful employment practices and financial discrimination. *See* Dkt. Nos. 3, 14. And the presiding United States district judge referred James's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted James's IFP motion, which subjects the allegations in the complaint to judicial screening under 28 U.S.C. § 1915(e). *See* Dkt. No. 12. And on the same day, the Court granted leave for James to file an amended complaint and James's amended complaint was docketed. *See* Dkt. Nos. 13, 14. To further its screening of James's claims in the amended complaint under 28 U.S.C. § 1915(e), the Court required James to respond to a questionnaire, and James responded the same day that the questionnaire was entered. *See* Dkt. Nos. 24, 25.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the Title VII and Age Discrimination

in Employment Act ("ADEA") claims in the amended complaint with prejudice as time barred and dismiss the Section 1981 and intentional infliction of emotional distress claims in the amended complaint with prejudice for failure to state a claim.

**Legal Standards**

A district court is required to screen a civil complaint filed IFP (that is, without payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to

dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

A district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

And for a complaint subject to judicial screening under 28 U.S.C. § 1915(e), if "'it is clear from the face of [such] a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir.

2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Although the defense of limitations is an affirmative defense, which usually must be raised by the defendants in the district court, this court has held that the district court may raise the defense *sua sponte* in an action proceeding under 28 U.S.C. § 1915. Thus, where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915[(e)]." (citations omitted))).

**Analysis**

I. James's Title VII and ADEA claims are time-barred.

Title VII claims "may only be adjudicated in federal court if the plaintiff exhausted [ ] administrative remedies in a timely manner." *Brown v. Jimmons*, Civ. A. H-15-2108, 2016 WL 4570758, at *2 (S.D. Tex. Aug. 31, 2016) (citing 42 U.S.C. § 2000e-5(e)(1); *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 1994)). "[T]o exhaust administrative remedies" under Title VII, a plaintiff "must file a charge of discrimination with the EEOC within 180 days of the date of the alleged discrimination, or within 300 days of the alleged discrimination if he institutes his action with the appropriate state agency." *Owens v. Dallas Cty. Cmty. College Dist.*, No. 3:16-cv-3162-L, 2017 WL 3190727, at *2 (N.D. Tex. May 16, 2017) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)), *rec. accepted*, 2017 WL 3172748 (N.D. Tex. July 26, 2017). The same requirement applies for ADEA claims. *See Stith v. Perot Sys. Corp.*, 122 F. App'x 115, 117 (5th Cir. 2005); 29 U.S.C. § 626(d).

"The EEOC filing requirement functions as a statute of limitations rather than

a jurisdictional prerequisite. It is a pre-condition to filing suit in district court, but it is not related to the subject matter jurisdiction of the court." *Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 878 (5th Cir. 1991) (internal quotations and citation omitted); *see also Stith*, 122 F. App'x at 118 ("Filing a charge with the EEOC is a condition precedent to the filing of a title VII or ADEA suit."); *Webb v. Cardiothoracic Surgery Assoc. of N. Tex.*, 139 F.3d 532, 537 (5th Cir. 1998) ("Congress intended the limitations period contained in Section 2000e-5(e)(1) to act as a statute of limitations." (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-94 (1982)).

So under Title VII and the ADEA, "a discrimination claim not brought within 300 days of the alleged discriminatory act is time-barred" unless equitable tolling applies. *Lord v. Union Social Sector*, No. A-14-CV-235 SS, 2014 WL 1333250, at *3 (W.D. Tex. Apr. 1, 2014) (citations omitted), *rec. accepted*, 2014 WL 1761688 (W.D. Tex. Apr. 30, 2014). But "[e]quitable tolling applies to plaintiff's deadline for filing an EEOC charge only in extraordinary circumstances, such as where the parties have a pending case in the wrong forum, where plaintiff is unaware of the facts as a result of defendant's purposeful concealment, and where EEOC misleads plaintiff about the claim." *Deleon v. Gen. Insulation, Inc.*, 575 F. App'x 292, 293-94 (5th Cir. 2014) (per curiam) (citing *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (concluding that its precedent "leaves the door open to recognize other" bases for equitable tolling in this regard but recognizing that "[e]quitable tolling is to be applied 'sparingly'" and that "[t]he plaintiff has the burden to provide justification for" its application (citations omitted))).

Although both the complaint and James's responses to the questionnaire are vague about the dates of the adverse employment actions at issue with respect to her claims against Alorica and TrueCoverage, she asserts that they occurred between 2020 and 2023. *See* Dkt. No. 14 at 2-3; Dkt. No. 25 at 3-4. James admits in her amended complaint that she did not file a complaint with the EEOC with respect to her claims against Alorica. *See* Dkt. No. 14 at 3. And, when asked whether she filed a complaint against Aloria and TrueCoverage in the Court's questionnaire, James stated that she did not believe she had filed a complaint with the EEOC, the Texas Workforce Commission, or another state agency because she "was un[a]ware at this time that [she] could file complaints." Dkt. No. 25 at 5. But she then acknowledges that she has previously filed complaints with the EEOC but asserts that they "have been dismissed or ignored without explanation or investigation." *Id.*

This action was filed on July 15, 2025, which was more than 300 days from the date of any purported adverse employment action alleged in this case. So the Title VII and ADEA claims alleged in this action are time-barred unless equitable tolling applies.

As set out above, equitable tolling of the deadline for filing an EEOC complaint applies only in extraordinary circumstances. But to be entitled to equitable tolling, a plaintiff must "allege specific facts" to support all prongs of "a plausible equitable tolling claim." *Taggart v. Norwest Mortg., Inc.*, Civ. A. No. 09-1281, 2010 WL 114946, at *3 (E.D. Pa. Jan. 11, 2010); *see also Chandra v. Bowhead Sci. & Tech., LLC*, No. 3:16-cv-375-B, 2018 WL 1252097, at *4 (N.D. Tex. Mar. 12, 2018) ("[C]ourts 'still

require *pro se* parties to fundamentally "abide by the rules that govern the federal courts."' So *pro se* 'litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, ... and brief arguments on appeal.'" (quoting *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014))).

In her amended complaint, James simply states that "equitable tolling is appropriate under *Fort Bend County v. Davis*, 139 S. Ct. 1843 (2019)." Dkt. No. 14 at 3. But she does not allege any facts to support a claim for equitable tolling.

So James's Title VII claim for retaliation against Alorica and all of James's claims against TrueCoverage should be dismissed with prejudice as time-barred.

II. James's Section 1981 and state law claims should be dismissed for failure to state a claim.

Section 1981 "generally forbids racial discrimination in the making and enforcement of private contracts, including private employment contracts, whether the aggrieved party is black or white." *Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 342 (5th Cir. 1981) (citations omitted). "It defines the phrase 'make and enforce contracts' to include 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Id.* (quoting 42 U.S.C. § 1981(b)). And, "[w]hile the statute's text does not expressly discuss causation, it is suggestive," such that, "[t]o prevail, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 333, 341 (2020); *see Williams v. Waste Mgmt., Inc.*, 818 F. App'x 315, 325 (5th Cir. 2020) (per curiam) ("Although similar in

some respects to Title VII, 42 U.S.C. § 1981 requires plaintiff's showing but-for causation." (citing *Comcast*, 589 U.S. at 333)).

James correctly states that claims under Section 1981 are not subject to the same administrative exhaustion requirements as Title VII and the ADEA. *See Caldwell v. Nat'l Brewing Co.*, 443 F.2d 1044, 1045 (5th Cir. 1971); *Williams*, 818 F. App'x at 318. But James's burden to plead factual content to allow the Court to reasonably infer that each defendant is liable under Section 1981 requires that she "plead sufficient facts on all of the ultimate elements of [this] claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted).

Those elements are that (1) she is a member "of a racial minority; (2) Defendants intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (citing *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994)).

As to the second element, intentional discrimination, "[a]lthough 'naked allegation[s]' of discriminatory intent are too conclusory to survive a motion to dismiss, discriminatory motive may be – and commonly is – demonstrated by circumstantial evidence," so "[a]n allegation that similarly situated non-minorities received better treatment 'could create the necessary inference and set the predicate for establishing the section 1981 claim.'" *Body by Cook*, 869 F.3d at 386 (citations omitted).

"In addition," as explained above, plaintiffs "must allege 'but-for' causation." *Thomas v. Cook Children's Health Care Sys.*, No. 4:20-cv-1272-O, 2021 WL 4796679, at *6 (N.D. Tex. July 28, 2021) (citing *Comcast*, 589 U.S. at 341); *see Hoyt v. Am. Nat'l Ins. Co.*, No. 3:20-cv-545-L, 2021 WL 2823449, at *5 (N.D. Tex. July 6, 2021) (same); *see also Simmons v. Triton Elevator, LLC*, No. 3:19-cv-1206-B, 2020 WL 7770245, at *3 (N.D. Tex. Dec. 30, 2020) ("Contrary to Simmons's suggestion, he has the burden of pleading facts that, taken as true, permit the Court to infer 'that race was a but-for cause of [his] injury' in order to sustain his § 1981 discrimination claim. Indeed, the Supreme Court has clarified that *McDonnell Douglas* has no bearing on the 'causation standards' for discrimination claims. Rather, the *McDonnell Douglas* framework is 'a tool for assessing claims, typically at summary judgment, when the plaintiff relies on indirect proof of discrimination.' So irrespective of the *McDonnell Douglas* framework, a plaintiff alleging a § 1981 discrimination claim must 'initially plead and ultimately prove that, but for [his] race, [he] would not have suffered the loss of legally protected right.'" (citations omitted)).

But the Section 1981 claims against Alorica and Fidelity in the amended complaint contain nothing more than conclusory allegations that James was discriminated against based on race. *See* Dkt. No. 14 at 2-4. There are no factual allegations to support James's claim that Alorica or Fidelity intended to discriminate against her on the basis of her race or that race was the but-for cause of her alleged injury. *See generally* Dkt. No. 14.

So James's Section 1981 claims against Alorica and Fidelity should be

dismissed for failure to state a claim.

James also asserts state law claims against Fidelity for intentional infliction of emotional distress and breach of fiduciary duty. In response to the Court's questionnaire, James asserts that her interactions with Fidelity were with a branch in Southlake, Texas, *see* Dkt. No. 25 at 3, so the undersigned will assume Texas law applies to the intentional infliction of emotional distress claim.

Under Texas law, the elements of a claim for intentional infliction of emotional distress are that "(1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress that the plaintiff suffered was severe." *City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000). "Meritorious claims for intentional infliction of emotional distress are relatively rare precisely because most human conduct, even that which causes injury to others, cannot be fairly characterized as extreme and outrageous." *Kroger Texas Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). "Conduct that is merely insensitive or rude is not extreme and outrageous, nor are 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Id.* (quoting *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999)). Rather, such conduct "must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *City of Midland*, 18 S.W.3d at 216-17 (quoting *Mattix–Hill v. Reck*, 923 S.W.2d 596, 597 (Tex. 1996)).

James has not sufficiently pled plausible facts to state a claim for intentional infliction of emotional distress, so her intentional infliction of emotional distress claim against Fidelity should be dismissed for failure to state a claim.

**Leave to Amend**

James has already amended her complaint once. But even so, the time to file objections to this recommendation (further explained below) allows James an opportunity to explain how she would cure the deficiencies identified above (that is, provide enough facts to plausibly allege all elements of each claim) and thus show the Court that this case should not be dismissed at this time and that the Court should instead grant James leave to amend her claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, Fed. R. Civ. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment')."). 

But, if James fails to show that leave to amend should be granted, the Court

should dismiss the claims under Title VII, the ADEA, and Section 1981 and the state law claim for intentional infliction of emotional distress with prejudice.

**Recommendation**

The Court should dismiss the Title VII retaliation claim against Alorica Inc. and the ADEA and Title VII claims against TrueCoverage LLC in the amended complaint with prejudice as time barred and dismiss the Section 1981 claims against Alorica and Fidelity and the intentional infliction of emotional distress claim against Fidelity with prejudice for failure to state a claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 3, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE