IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAKKA SHANEAK JAMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1855-S-BN |
| | § | |
| ALORICA INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Shakka Shaneak James filed a *pro se* complaint alleging claims of wrongful employment practices and financial discrimination. *See* Dkt. Nos. 3, 14. And the presiding United States district judge referred James's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

**Discussion**

James moved for and was granted permission to proceed *in forma pauperis*. *See* Dkt. No. 12. Because she is proceeding IFP, this case is subject to screening under 28 U.S.C. § 1915(e)(2) before service of process issues. The case is currently still undergoing screening.

James was granted leave to file her first amended complaint on August 18, 2025. *See* Dkt. Nos. 13, 14. And six days later, she filed a motion seeking leave to file a second amended complaint. *See* Dkt. No. 16. James then filed a motion to withdraw her motion for leave to file a second amended complaint, which the Court granted.

*See* Dkt. Nos. 19, 23.

Despite the fact that leave to file the second amended complaint was never granted and that the motion for leave to file the second amended complaint has now been withdrawn, Acura Financial Services, a party named only in the proposed second amended complaint, has now filed an answer and certificate of interested persons. *See* Dkt. Nos. 33, 34.

James filed a motion to strike Acura Financial Service's filings. *See* Dkt. No. 35. And although James's motion incorrectly states that Acura Financial Services was a defendant in the superseded original complaint rather than the proposed second amended complaint that has now been withdrawn, she is correct that the documents were improperly filed as Acura Financial Services is not a party to this case.

So James's motion to strike should be granted, and Acura Financial Services's answer and certificate of interested persons should be struck.

## Recommendation

The Court should grant James's motion to strike [Dkt. No. 35] and strike Acura Financial Services's answer and certificate of interested persons as improvidently filed as it is not a defendant in the operative complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 22, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE