IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAKKA SHANEAK JAMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1855-S-BN |
| | § | |
| FIDELITY BROKERAGE SERVICES, | § | |
| LLC, | § | |
| | § | |
| Defendant. | § | |

## **ORDER REQUIRING AMENDED COMPLAINT**

Plaintiff Shakka Shaneak James filed this *pro se* action alleging claims of wrongful employment practices and financial discrimination. *See* Dkt. Nos. 3, 14. The presiding United States district judge referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted James's IFP motion, which subjected the allegations in the complaint to judicial screening under 28 U.S.C. § 1915(e). *See* Dkt. No. 12. And the undersigned entered findings of fact, conclusions of law, and recommendation ("FCR") that the Court should dismiss all claims in the amended complaint except a state-law claim for breach of fiduciary duty against Fidelity Brokerage Services, LLC. *See* Dkt. No. 28. And the Court accepted the FCR and dismissed the other claims in James's amended complaint with prejudice. *See* Dkt. Nos. 37, 38.

The Court now enters this order requiring James to file an amended complaint by **December 1, 2025**, limited to the remaining claim in this action and distinctly and affirmatively pleading the basis, if any, for this Court's subject-matter

jurisdiction over the state-law claim or for exercising supplemental jurisdiction over the pendent state-law claim under 28 U.S.C. § 1367(a) now that all federal claims have been dismissed.

If James does not timely file an amended complaint, the undersigned will recommend that the action be dismissed under Federal Rule of Civil Procedure 41(b).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because the remaining claim in this case is a state-law breach of fiduciary duty claim, the only potential basis for original federal subject-matter jurisdiction is diversity of citizenship.

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "For diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))). For a limited liability company ("LLC"), a plaintiff "must specifically allege the citizenship of every member of every LLC."

*MidCap Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). And the United States Court of Appeals for the Fifth Circuit "has stated that a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

A federal court also may have supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). But district courts may decline to exercise supplemental jurisdiction over such a claim. *See* 28 U.S.C. § 1367(c).

To determine whether it should "relinquish jurisdiction over pendent state law claims," a court looks to "statutory factors set forth by 28 U.S.C. § 1367(c)" – "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction" – as well as "the common law factors of judicial economy, convenience, fairness, and comity" set forth by *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). *Enochs v. Lampasas*

*Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011). As "no single factor is dispositive," *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008), "[t]he overall balance of the statutory factors is important," *Enochs*, 641 F.3d at 159 (citation omitted).

Failure to file an amended complaint in compliance with this order will result in a recommendation that this action be dismissed for failure to prosecute and obey an order of the Court under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: October 31, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE